The Honorable JimmieLou Fisher Lumpkin Treasurer of State 220 State Capitol Little Rock, Arkansas 72201
Dear Ms. Lumpkin:
This is in response to your request for an opinion on the application of A.C.A. § 26-74-214 (Cum. Supp. 1991). This statute governs the disposition of funds received from the levy of the county sales tax authorized at A.C.A. § 26-74-207 (Cum. Supp. 1991). It is the Treasurer of State's responsibility under this statute to receive deposit of these funds and ultimately distribute them to the counties and cities located within the counties on a "per capita" basis. A.C.A. §§ 26-74-214(a)(1) and (b)(2). As you have noted, the last sentence of A.C.A. §26-74-214(b)(2) provides that: "If a distribution formula other than per capita is to be used, a copy of the interlocal agreement between the affected county and its municipalities shall be furnished to the State Treasurer and the distribution of the tax shall be as agreed upon."
You have attached a copy of an ordinance of Lawrence County (No. 1989-21), and a resolution of the Van Buren County Quorum Court, (No. 90-8) and ask whether, in each instance, these documents constitute "interlocal agreements" under A.C.A. § 26-74-214
(b)(2).
It is my opinion that these documents are not interlocal agreements.
The Lawrence County ordinance you have enclosed states that its purpose is the calling of a special election on the question of levying the tax authorized by A.C.A. § 26-74-201—223. It is therefore apparent that A.C.A. § 26-74-214, the statute you reference, is applicable. The Van Buren County resolution does not state under what statutory scheme the tax is to be levied. We will assume, however, for purposes of your question, that A.C.A. § 26-74-214 is applicable.
The requirements for interlocal agreements are set out at A.C.A. §§ 25-20-101—108, and A.C.A. § 14-14-910. The documents you have enclosed do not meet the requirements of these statutes and are thus not "interlocal agreements." In addition, the purpose of A.C.A. § 26-74-214(b)(2) is to entitle the cities in a county levying a sales tax pursuant to the subchapter to their per capita share of the tax proceeds unless they agree to a different distribution. The documents you have enclosed are each solely county documents signed by only county officials, and evidence no agreement upon the part of city officials to the proposed distribution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh